# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-41V
Filed: November 6, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
```
DOMINIQUE SARTAIN,                      *                 UNPUBLISHED
                                        *
             Petitioner,                *                 Decision on Joint Stipulation;
                                        *                 Tetanus, Diphtheria, Acellular
v.                                      *                 Pertussis ("Tdap") Vaccine;
                                        *                 Wegener's Granulomatosis
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
             Respondent.                *
```
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Simina Vourlis, Esq.*, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.
*Mollie Gorney, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On January 8, 2016, Dominique Sartain ["Ms. Sartain" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Wegener's granulomatosis after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on January 11, 2013. Stipulation, filed November 6, 2019, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On November 6, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

1. **A lump sum of $632,505.72,** which amount represents compensation for first year of life care expenses ($21,266.15), past and future lost earnings ($385,000.00), past and future pain and suffering ($215,000.00), and past unreimbursable expenses ($11,239.57), **in the form of a check payable to petitioner, Dominique Sartain**; and

2. **An amount sufficient** to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

   These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DOMINIQUE SARTAIN,              )
                               )
                Petitioner,     )
                               )
        v.                      )
                               )    No. 16-41V
SECRETARY OF HEALTH             )    Special Master Roth
AND HUMAN SERVICES              )    ECF
                               )
                Respondent.     )
                               )

### STIPULATION

The parties hereby stipulate to the following matters:

1. Dominique Sartain, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus, Diphtheria, acellular Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the Tdap vaccine on or about January 11, 2013.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered from Wegener's granulomatosis (also known as granulomatosis with polyangiitis, or "GPA") as a result of receiving the Tdap vaccine, and further alleges that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the Tdap vaccine caused petitioner to suffer from GPA or any

other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $632,505.72 which amount represents compensation for first year life care expenses ($21,266.15), past and future lost earnings ($385,000.00), past and future pain and suffering ($215,000.00), and past unreimbursable expenses ($11,239.57), in the form of a check payable to petitioner; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

2

from the Life Insurance Company for the benefit of petitioner, Dominique Sartain, pursuant to

which the Life Insurance Company will agree to make payments periodically to petitioner as

follows:

a. For future unreimbursable Medicare Part B Premium and Medicare Advantage
Premium expenses, beginning on the first anniversary of the date of judgment, an annual
amount of $3,054.00 to be paid up to the anniversary of the date of judgment in year
2038, increasing at the rate of four percent (4%), compounded annually from the date of
judgment.

b. For future unreimbursable Medicare Part B Deductible, Medicare Advantage
Maximum out of Pocket, Medicare Advantage, Rx Deductible, Carisoprodol, EPI Pen,
Imitrex Nasal Spray, Nortriptyline, Ondansetron, and Bactrim expenses, beginning on the
first anniversary of the date of judgment, an annual amount of $3,826.80 to be paid up to
the anniversary of the date of judgment in year 2038. Thereafter, beginning on the
anniversary of the date of judgment in year 2038, an annual amount of $545.00 to be paid
for the remainder of petitioner's life, all amounts increasing at the rate of four percent
(4%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Supplement G and Medicare Part D expenses,
beginning on the anniversary of the date of judgment in year 2038, an annual amount of
$1,671.60 to be paid for the remainder of petitioner's life, increasing at the rate of four
percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable YMCA expenses, on the first anniversary of the date of
judgment, a lump sum of $524.50. Then, beginning on the second anniversary of the date
of judgment, an annual amount of $499.50 to be paid up to the anniversary of the date of
judgment in year 2035. Then, beginning on the anniversary of the date of judgment in
year 2035, an annual amount of $449.95 to be paid up to the anniversary of the date of
judgment in year 2038, all amounts increasing at the rate of three percent (3%),
compounded annually from the date of judgment.

e. For future unreimbursable Tylenol, Lift Chair, Shower Chair, Cane, and Walker
expenses, beginning on the first anniversary of the date of judgment, an annual amount of
$157.90 to be paid up to the anniversary of the date of judgment in year 2038.
Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual
amount of $187.89 to be paid for the remainder of petitioner's life, all amounts increasing
at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Aide Care expenses, beginning on the first anniversary of
the date of judgment, an annual amount of $10,416.00 to be paid up to the anniversary of
the date of judgment in year 2024. Then, beginning on the anniversary of the date of
judgment in year 2024, an annual amount of $19,152.00 to be paid up to the anniversary
of the date of judgment in year 2038. Thereafter, beginning on the anniversary of the

3

date of judgment in year 2038, an annual amount of $45,360.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Ancillary Services expenses, beginning on the first anniversary of the date of judgment, an annual amount of $179.88 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2024. Thereafter, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $700.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Dominique Sartain, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Dominique Sartain's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

4

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about January 11, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about January 8, 2016, in the United States Court of Federal Claims as petition No. 16-41V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

6

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's GPA or any other injury, or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

DOMINIQUE SARTAIN

**ATTORNEY OF RECORD FOR PETITIONER:**

SIMINA VOURLIS, ESQ.
The Law Offices of Simina Vourlis
1689 West 3rd Avenue _856 Pullman Way_
Columbus, OH 43212
Tel: (614) 487-5900

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Catharine Ereeves
by Heather L Peeurm

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Ward Sorensen for
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

MOLLIE D. GORNEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4029

Dated: 11/6/19

8