# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-41V
Filed:  March 4, 2020

```
*  *  *  *  *  *  *  *  *  *  *  *  *
DOMINIQUE SARTAIN,                     *      UNPUBLISHED
                                       *
         Petitioner,                   *
                                       *
v.                                     *      Attorneys' Fees and Costs
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
         Respondent.                   *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Simina Vourlis, Esq.*, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.
*Mollie D. Gorney, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 8, 2016, Dominique Sartain ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Wegener's granulomatosis after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on January 11, 2013. *See* Petition, ECF No. 1. On November 6, 2019, the parties filed a Stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 97.

On September 20, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 94 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$150,004.93 (representing $114,908.60 in attorneys' fees and $35,096.33 in costs). Fees App. at 55. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 6.  Respondent responded to the motion on September 25, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 95. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests that her attorney, Ms. Simina Vourlis, be compensated at the following rates: $400.00 per hour for work performed in 2014-2015, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $439.00 per hour for work performed in 2018, and $448.00 per hour for work performed in 2019. Ms. Vourlis also billed paralegal tasks performed by her at $135.00 per hour for 2014-2015, $138.00 per hour for 2016-2018, and $166.00 per hour for 2019. Fees App. Ex. 1 at 55. The rates sought for Ms. Vourlis from 2014-2018 are consistent with what she has previously been awarded, and reasonable in the instant case as well. *See Jones v. Sec'y of Health & Human Servs.*, No. 17-358V, 2018 WL 5816829 (Fed. Cl. Spec. Mstr. Sept. 28, 2018).

Concerning the rates sought for 2019, the undersigned finds that $448.00 per hour is reasonable for Ms. Vourlis' work considering her experience in the Vaccine Program and overall. The requested paralegal rate, however, is excessive because it exceeds the maximum amount for paralegal work prescribed by the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2019.[3] Because Ms. Vourlis is an experienced attorney performing these tasks, the undersigned shall compensate her work at the maximum rate for paralegal work, $156.00 per hour. Application of this rate results in a reduction of **$91.00**.

## B.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work

---

[3] The 2019 Fee Schedule is available at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be mostly reasonable. However, the undersigned finds it necessary to make a small reduction due to excessive time spent on certain tasks. For example, Ms. Vourlis billed time to review the CMECF notification for documents which she just filed. This task is excessive because even if Ms. Vourlis wanted to confirm the documents were filed, that process would not take an additional six minutes. Similarly, Ms. Vourlis routinely billed six minutes to review a CMECF notification of a filing made by respondent or the Court, plus additional time to review the actual filing.  The undersigned also finds that six minutes is excessive to bill on review of minute entries made after status conferences. Additionally, Ms. Vourlis routinely billed half an hour to prepare a notice of filing for exhibits, a 1-2 page document which merely provides a title for the exhibit being filed. Given Ms. Vourlis' experience, half an hour is an excessive amount of time to spend on this task.

In sum, these issues lead to approximately ten hours of overbilling. The undersigned will therefore reduce the final award of fees by **$4,300.00** to account for these issues. Petitioner is therefore awarded final attorneys' fees of **$110,517.60**.

## C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $41,529.73 in costs, comprised of obtaining medical records, postage, the Court's filing fee, and work performed by petitioner's expert, Dr. Paul Utz. Fees App. Ex. 5. These are typical costs in Vaccine Program cases and appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

## III. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $114,908.60 |
| (Reduction to Fees) | - ($4,391.00) |
| **Total Attorneys' Fees Awarded** | **$110,517.60** |
| | |
| Attorneys' Costs Requested | $35,096.33 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$35,096.33** |
| | |
| **Total Attorneys' Fees and Costs** | **$145,613.93** |

4

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $145,613.93, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Ms. Simina Vourlis.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).